JOHN D. FRYE *et al.*, Appellants, v. THE COUNTY OF IROQUOIS, Appellee.

Third District  No. 3—85—0447

Opinion filed January 30, 1986.

John F. Bramfeld, of Phebus, Tummelson, Bryan & Knox, of Urbana, for appellants.

Tony L. Brasel, State's Attorney, of Watseka, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

In June 1984, pursuant to the Prevailing Wage Act (Ill. Rev. Stat. 1983, ch. 48, par. 39s—1 *et seq.*), the Iroquois County Board adopted an ordinance establishing the prevailing wage to be paid to workers employed on public works projects. For the most part, the wage rates reflected in the ordinance were identical to the rates as determined by the Illinois Department of Labor. Wage rates for crafts and trades not recently performed in Iroquois County were not adopted. The controversial aspect of the ordinance was the setting of a lower rate for bricklayers, carpenters, masons, electricians, laborers, painters, plumbers and fitters, plasterers, roofers and truckdrivers engaged in maintenance work as opposed to construction. Plaintiffs filed objections to the ordinance based upon the maintenance classifications.

At a hearing before the county highway committee of the county board (no reason was given why the full board was not present), State's Attorney Brasel explained how he went about ascertaining the prevailing wage. A questionnaire was sent to area contractors seeking data on wage rates paid for various crafts. The respondents were to

break down rates according to the type of contract, that is, between private work, public construction work and public maintenance work. Overtime rates, fringe benefits and hours worked were also to be reported. Confidentiality was promised to the respondents.

The county sent out 90 questionnaires. Only 26 responses were received, 19 of which Brasel considered useful in determining the prevailing wage. Those responses were introduced as a group exhibit at the hearing and are before us on appeal. Brasel also testified that he had phone contacts and personal conversations with local individuals on the subject.

The objectors introduced evidence from various union officials representing workers in the building and construction trades. They testified to the numbers of hours worked by union employees on public works projects. The wage rates testified to were uniform for projects involving either construction or maintenance.

The county board overruled the objections and adopted the ordinance as previously described. The circuit court affirmed the board upon administrative review.

Plaintiffs' position is as follows: Before the Prevailing Wage Act was amended by Public Act 83—443, workers engaged in public works projects involving maintenance did not have to be paid a prevailing wage. However, amended section 2 of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 39s—2), defines "construction" as *all* work on public works involving laborers, workers or mechanics. The previous section 2 had specifically excluded maintenance from the definition. Thus, it is argued that the legislature intended that all workers employed on public works projects be paid in accordance with their craft or type of work, and not with reference to the type of contract being performed.

As was noted by the trial court, plaintiffs' position has a certain logical appeal. However, it is not the only reasonable construction that is available following the relevant amendments.

Section 3 of the Act states, in pertinent part:

> "Not less than the general prevailing rate of hourly wages for *work of a similar character* on public works *** shall be paid to all laborers, workers and mechanics employed by or on behalf of any public body engaged in the construction of public works." (Ill. Rev. Stat. 1984, ch. 48, par. 39s—3.)

At first blush, one might believe that this supports plaintiffs' interpretation. When one takes into consideration the unobjectionable classifications contained within the ordinance, contrary conclusions obtain. For example, there are distinctions among painters, electricians and operating engineers by the type of construction contract being per-

formed. These distinctions are presumably unobjectionable, because different skill and experience levels are required for different construction jobs. There is nothing in the record to suggest that the skills of a tradesman needed to perform a maintenance contract are equivalent to those of one who is engaged in construction. Hence, plaintiffs' "a carpenter is a carpenter is a carpenter" line of reasoning is invalid, since in theory the acceptable classifications involve "work of a similar character" to the same extent that maintenance and construction in a particular trade are of a similar character.

Turning to section 4, plaintiffs argue that the duty to ascertain the prevailing wage for each "craft or type of worker" excludes the ascertainment of wages baed on type of contract. Again, the differing classifications of construction crafts impeaches this contention. Moreover, it is not self-evident that there is no craft or type of worker known as a "maintenance electrician" or "maintenance plumber." And therein lies the key to this case. The intent of the Prevailing Wage Act is to ensure that on public works projects, no contractor or subcontractor can pay workers less than the going rate for the job to be done. However, even though maintenance is no longer excluded from the process, neither is it mandated that the prevailing wage for a tradesman performing maintenance is equivalent to that of a brother engaged in construction.

Nonetheless, we are compelled to reverse the decision of the circuit court. We have examined the evidence in support of the so-called maintenance classifications and find it woefully deficient.

The questionnaires, if of any value at all, support the conclusion that there is no such thing as a maintenance tradesman in Iroquois County. The introduction of 19 out of 90 surveys is proof alone that whatever is reflected therein is not "prevailing" in any meaningful sense. The data collected in those surveys actually introduced is not probative of any such classifications. Finally, while there is nothing *per se* objectionable about confidential surveys, particularly in light of the looser standard of admissibility of evidence in administrative proceedings, the defects which inhere in such a method are accentuated by the flimsiness of the numbers actually generated. Thus, we find that the ascertainment of the prevailing wage by defendant for maintenance tradesmen, assuming such a classification truly exists, is against the manifest weight of the evidence. Therefore, the objections to those classifications are sustained and they are to be stricken from the 1984 ordinance. It should be noted that this decision is without prejudice to the power of defendant to establish such classifications in future ordinances if there is adequate evidence in support thereof.

Accordingly, the judgment of the circuit court of Iroquois County is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SCOTT, P.J., and STOUDER, J., concur.